**No. 45418.**—Protest 949816–G of J. J. Tillbeck & Co. (San Francisco).

KINCHELOE, Judge: This suit is brought by plaintiffs against the United States for the recovery of certain duty alleged to have been wrongfully exacted by the collector of customs at the port of San Francisco on an importation of paper. The merchandise was assessed for duty under paragraph 1409, Tariff Act of 1930, and the reciprocal trade agreement with Finland, T. D. 48554, at the rate of 20 percent ad valorem as sulphate paper, not specially provided for. The plaintiffs claim the same dutiable at 10 percent ad valorem under paragraph 1402 of said act, as sheathing paper. The imported merchandise, as evidenced by exhibit 1, consists of two sheets of Kraft or sulphate paper, with asphaltum between the two sheets.

The competing paragraphs, insofar as pertinent, read as follows:

PAR. 1409. * * * wrapping paper not specially provided for, 30 per centum ad valorem;

T. D. 48554. Trade Agreement with the Republic of Finland Schedule II.

1409. Wrapping paper not specially provided for:
Sulphate_____ 20% ad val.

PAR. 1402. * * * sheathing paper, * * * 10 per centum ad valorem.

No testimony of commercial designation or understanding of the term "sheathing paper" was introduced by either side, so that under the well-established rule of construction in customs jurisprudence the common meaning of the term will govern the tariff classification of the imported merchandise.

Plaintiffs contend that the involved merchandise comes within the common meaning of said term. The Government contends that "sheathing paper" is a designation by use, and that such use has reference to building construction. As to whether or not the common meaning of "sheathing paper" has any such restricted meaning, we quote from lexicographical authorities as follows:

Webster's New International Dictionary, 1937:

Sheathing, n. 2. That which sheaves. Specif., the casing or covering of a ship's bottom and sides, esp. such as to prevent corrosion, worm attacks, fouling, etc. 3. That which is used to sheathe; a covering for protection or ornament; also, material used as a casing.

Funk & Wagnalls New Standard Dictionary, 1930:

Casing, n. 1. Anything with which a thing or place is incased or lined. Specif.; (1) The framework about a door or window. (2) An ornamental facing on the outside of a structure, etc.; a case.

New Century Dictionary, 1933:

Sheathing paper. A coarse paper laid on or under the metallic sheathing of ships and used for other like purposes; lining paper.

Funk & Wagnalls New Standard Dictionary, 1937:

Sheathing, n. 1. That which forms a sheath or covering; especially, in building, almost any covering for protection or ornament, as tiles or metallic ornamentation on a surface or ceiling, or a thickness of paper inserted in a wall.

Sheathing paper, n. A thick paper, sometimes tarred or oiled, used for the inner lining of the metallic sheathing of vessels, between the inner and outer coverings of frame buildings, etc.

So far as we can gather from the foregoing definitions, they appear broad enough to include within the meaning of "sheathing paper" such paper as used for case or car lining, or as coverings for protective purposes, in addition to that used in building construction. In considering the testimony herein it would therefore seem that the use of the imported merchandise for certain other purposes than for building construction must be taken into account in the determination of the issue herein.

So far as the testimony of plaintiff's witnesses is concerned, it is limited to the use of the merchandise subsequent to the passage of the present Tariff Act of 1930, and shows, in a general way, that merchandise similar to that here in question has and is being used in building construction, for separating merchandise on docks, for separating cargoes in holds of ships, for covering holds of ships, and for car lining.

The testimony of the Government's witnesses is to the effect that merchandise similar to exhibit 1, made of two sheets of Kraft paper with asphalt or bitumen between, was bought, sold, and used as far back as 1904, when it was used for case lining, largely for cases of paper to protect it from outside moisture, for the wrapping of machinery and metals, especially coils of wire, for lining cars, for lining cases of bond, book, and ledger paper, and for ream wrapping the paper itself, for car door stripping, for lining boat holds, and for cargo separation, and that it also has a very definite and general use as wrapping paper, which uses existed prior to 1930, as well as up to the present time, although one of the Government's witnesses stated that from his observation the predominant use of such paper is now in building construction.

In *United States* v. *Tower & Sons*, 26 C. C. P. A. 1, T. D. 49534, it was held that in determining the meaning of an *eo nomine* designation, which meaning is determined by its use, that meaning must be determined in accordance with its proven chief use on and prior to the date when the language which is being interpreted was used by Congress. Note also *Myers & Co.*, 24 id. 464, T. D. 48913, to the same purport.

In the present case the testimony shows that paper similar to the imported was and is being used in building construction and for other sheathing paper use, as also for wrapping paper purposes. It fails to satisfactorily show, however, that at and prior to June 17, 1930, or even subsequent thereto, the paper was chiefly used for sheathing paper purposes within the common meaning of the term. The burden of such proof was of course on the plaintiffs, and the absence thereof is necessarily fatal to plaintiffs' claim.

The protest is therefore overruled. Judgment will be rendered accordingly.